UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVAN JOSUE RIVERA-COLON, ET AL. | CIVIL ACTION |
| VERSUS | 20-1101 |
| PARISH OF ST. BERNARD, ET AL. | SECTION: "J" (5) |

**ORDER & REASONS**

Before the Court is a *Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim* **(Rec. Doc. 9)** filed by Defendants, the State of Louisiana through the Department of Public Safety and Corrections, Office of Motor Vehicles ("OMV") and Shanta Watkins. Plaintiffs Ivan Josue Rivera-Colon and Fedmarie Calderon Santos oppose the motion (Rec. Doc. 10). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**, and that Plaintiffs should be granted leave to amend their complaint.

**FACTS AND PROCEDURAL BACKGROUND**

On April 12, 2019, Plaintiff Rivera-Colon went to the OMV office in St. Bernard Parish to obtain a Louisiana driver's license. At the OMV, Rivera-Colon presented his social security card, New York state driver's license, Puerto Rican identification card, and Puerto Rican birth certificate to Defendant Watkins, an OMV employee. Watkins attempted to verify the authenticity of Rivera-Colon's Puerto Rican identification card but erroneously entered the card number as a driver's license. As

a result, her "system check determined the documents to be fraudulent."[1] Watkins then contacted John Doe and directed him to perform the same check. Then, without asking Rivera-Colon for clarification, and despite his other documents being verified as legitimate, Watkins called the St. Bernard Parish Sheriff's Office and Defendant Deputy C. Bordelon went to the OMV. "Without performing any investigation of the facts alleged by Watkins," Deputy Bordelon placed Rivera-Colon under arrest for "Unlawful production, manufacturing, or distribution of fraudulent documents for identification purposes" in violation of La. R.S. 14:70.7(C)(2) and "Identity Theft greater than $1,000.00" in violation of La. R.S. 14:67.16(C)(1)(a).[2] However, on December 12, 2019, the St. Bernard Parish district attorney dismissed the charges against Rivera-Colon.

Rivera-Colon and his wife, Plaintiff Calderon Santos, filed suit against the OMV, Watkins, John Doe, Deputy Bordelon, St. Bernard Parish Sheriff James Pohlmann, and the St. Bernard Parish Government on April 2, 2020. As relevant here, Plaintiffs bring claims against the OMV and Watkins for false arrest under 42 U.S.C. § 1983 and for malicious prosecution under Louisiana law. The OMV and Watkins then filed the instant motion to dismiss. The motion is before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the

---

[1] (Rec. Doc. 1, at 4).
[2] *Id.* at 5.

evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable

3

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendants first contend that Plaintiffs' claims against the OMV and Watkins in her official capacity are barred by sovereign immunity. Next, Defendants contend that Watkins is entitled to qualified immunity for Plaintiffs' § 1983 false arrest claim against her in her individual capacity. Finally, Defendants argue that Plaintiffs' malicious prosecution claim should be dismissed because they have not alleged a lack of probable cause or that Watkins acted with malice. In the alternative, Defendants move for a more definite statement under Rule 12(e).

### I.    SOVEREIGN IMMUNITY

Defendants contend that both the OMV and Watkins, for the claims against her in her official capacity, are entitled to sovereign immunity. Because the standards for sovereign immunity differ for each Defendant, the Court considers them separately.

#### A.    The OMV

The Eleventh Amendment bars citizens' suits in federal court against states and their alter egos. *E.g.*, *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986). To overcome sovereign immunity, there must be "a clear showing of congressional intent" to abrogate it. *Id.* at 186. Whether an entity is covered by a

state's Eleventh Amendment immunity turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) primary focus on local versus statewide problems, (5) ability to sue in its own name, and (6) "right to hold and use property." *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir.1999). Of these factors, funding is considered the most important. *Id.* at 682.

The OMV is a division of the Louisiana Department of Public Safety and Corrections ("LDPSC"). Plaintiffs concedes that the first, third, and fourth factors weigh in favor of immunity but contends that the fifth and sixth factors weigh against immunity, which comports with Fifth Circuit precedent. *See Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (per curiam). In *Champagne*, the Fifth Circuit held that LDPSC was entitled to sovereign immunity because the second factor, funding, also weighed in favor of immunity. *Id.* (citing *Wilson v. State of La. Through Dept. of Public Safety and Corrections*, 576 So. 2d 490, 492 (La. 1991) (state liable for judgments against LDPSC)). Despite this, Plaintiffs contend that this factor weighs against immunity because "the OMV is funded, at least in part, by the Federal government."[3]

Plaintiffs fail to explain why this fact should weigh against immunity, as both state and municipal agencies may receive federal funds. Moreover, the inquiry under the funding factor is whether the state would be liable (1) "in the event there is a judgment against the defendant," and (2) "for the defendant's general debts and obligations." *Hudson*, 174 F.3d at 687. Because the state would be liable for

---

[3] (Rec. Doc. 10, at 6).

5

judgments against LDPSC, *see Wilson*, 576 So. 2d at 492, the balance of factors weighs in favor of sovereign immunity, *see Champagne*, 188 F.3d at 313-14; *Hanna v. LeBlanc*, 716 F. App'x 265, 268 (5th Cir. 2017) (per curiam) (dismissing claims against OMV); *cf. Hudson*, 174 F.3d at 691 (holding, in a "close" case, that "the balance ultimately tilts against Eleventh Amendment immunity" because "[m]ost importantly, . . . public funds from the state treasury will not be used to cover an adverse judgment against the entity").

Further, Congress has not abrogated the OMV's sovereign immunity with respect to Plaintiffs' claims. Section 1983 does not abrogate state sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 342-45 (1979). Nor has the State of Louisiana waived its immunity and consented to suit in federal court. *See* La. R.S. 13:5106(A); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Accordingly, Plaintiffs' claims against the OMV should be dismissed.

### B. Watkins (Official Capacity Claim)

Plaintiffs' claim against Watkins in her official capacity as an employee of the OMV are treated as claims against the OMV itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, Plaintiffs claims against Watkins in her official capacity seeking monetary damages are barred by sovereign immunity. *See Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). Further, Watkins is not the proper defendant for an official-capacity claim because she does not possess "final policymaking authority for the entity under state or local law." *Adams v. City of Shreveport*, 269 F. Supp. 3d 743, 753 (W.D. La. 2017) (citing *Burge v. Parish of St.*

*Tammany*, 187 F.3d 452, 468-70 (5th Cir. 1999)). Although Plaintiffs allege that Watkins is "a policy-making official of the" OMV,[4] the proper named defendant in an official-capacity suit against the OMV is the OMV commissioner. *See, e.g.*, *Doe v. Jindal*, 851 F. Supp. 2d 995, 999 (E.D. La. 2012). The commissioner of the OMV is Karen G. St. Germain, not Watkins.[5] Accordingly, Plaintiffs' claims against Watkins in her official capacity should be dismissed.

## II. FALSE ARREST

Next, the Court considers Plaintiffs' § 1983 claim for false arrest against Watkins in her individual capacity. Defendants contend that Watkins is entitled to qualified immunity because she had an honest, although mistaken, belief that Rivera-Colon was committing a crime.

To overcome qualified immunity, a plaintiff must establish that (1) the allegations in the complaint show the defendant's conduct violated the plaintiff's constitutional rights, and (2) the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *See Alexander v. Eeds*, 392 F.3d 138, 144 (5th Cir. 2004). "The second prong of the qualified immunity test is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir.

---

[4] (Rec. Doc. 1, at 3).
[5] Louisiana Office of Motor Vehicles Home Page, http://www.expresslane.org (last visited Jan. 29, 2021). The Court may take judicial notice of governmental websites. *See, e.g.*, *In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. 2d 615, 632 (E.D. La. 2008).

7

1998). Showing that the right was clearly established requires a plaintiff to point out "a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he is doing violates the law." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020).

"The constitutional claim of false arrest requires a showing of no probable cause."[6] *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). Thus, to overcome qualified immunity for a claim of false arrest, "plaintiffs must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Id.* at 207. Probable cause exists where the facts and circumstances known to the officer at the time of arrest would warrant "a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense." *Id.* at 204. "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018).

Here, Plaintiffs allege that Watkins' attempt to verify Rivera-Colon's Puerto Rican identification card returned a result that the card was "fraudulent."[7] Accordingly, she had reasonable grounds to believe that Rivera-Colon was

---

[6] "A false arrest claim also requires a showing that any resulting 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Club Retro*, 568 F.3d at 204 n. 18 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Defendants do not contend that Plaintiffs have failed to satisfy this element, as Plaintiffs allege that the charges against Rivera-Colon were dismissed. (Rec. Doc. 1, at 9-10). Moreover, Defendants do not contend that Plaintiffs have failed to adequately allege a violation of Rivera-Colon's constitutional rights. (*See* Rec. Doc. 9-1, at 11).

[7] (Rec. Doc. 1, at 4).

8

committing an offense, and it is irrelevant that these grounds may not have provided probable cause for the offenses for which Rivera-Colon was actually arrested. *See Wesby*, 138 S. Ct. at 584 n.2; *Club Retro*, 568 F.3d at 204. To the extent Plaintiffs assert different facts in their opposition, such as that Watkins' check returned a "no match" result[8] rather than determining that his identification card was fraudulent, the Court cannot consider these facts because they are not pleaded in the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."). Because the allegations in the complaint suggest that probable cause existed for Rivera-Colon's arrest, this claim should be dismissed.

### III. MALICIOUS PROSECUTION

A claim for malicious prosecution requires a plaintiff to prove: "(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against the plaintiff who was defendant in the original proceeding, (3) a bona fide termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damage." *Kelly v. W. Cash & Carry Bldg. Materials Store*, 99-102 (La. App. 4th Cir. 10/20/99), 745 So. 2d 743, 761. Defendants concede that Plaintiffs have established the first, second, third, and sixth elements but contend that Plaintiffs have failed to adequately allege the fourth and fifth elements. Specifically,

---

[8] (Rec. Doc. 10, at 8).

9

Defendants contend that Plaintiffs have not alleged that Watkins did not have an honest belief that his documentation was fraudulent or that she acted with malicious intent.

"The crucial determination in regard to the absence of probable cause is whether the defendants had an honest and reasonable belief in the allegations they made." *Id.* "Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person's rights." *Id.* (quoting *Miller v. E. Baton Rouge Par. Sheriff's Dept.*, 511 So. 2d 446, 453 (La. 1987)). Further, "[w]here the charges against the plaintiff were dismissed prior to trial, lack of probable cause and malice are presumed[,] and the burden is on the defendant to prove [s]he acted with probable cause and without malice." *Watson v. Church's Fried Chicken, Inc.*, 527 So. 2d 979, 981 (La. App. 4th Cir.), *writ denied*, 532 So. 2d 135 (La. 1988); *accord McCoy v. Burns*, 379 So. 2d 1140, 1142 (La. App. 2d Cir. 1980).

Here, Plaintiffs allege that the charges against Rivera-Colon were dismissed by the St. Bernard Parish district attorney prior to trial, which raises a presumption of malice and no probable cause and therefore satisfies Plaintiffs' pleading burden. *Cf. Gordy v. Burns*, No. CIV. A. 99-0698, 2000 WL 798499, at *4 (E.D. La. June 20, 2000) (denying motion for summary judgment where presumption existed and defendants failed to present any evidence to overcome it). Further, unlike a claim for false arrest, the Louisiana Supreme Court's articulation of the elements of malicious prosecution require only "[t]he absence of probable cause for *such proceeding*."

10

*Robinson v. Goudchaux's,* 307 So. 2d 287, 289 (La. 1975) (emphasis added) (quoting *Eusant v. Unity Indus. Life Ins. Ass'n*, 196 So. 554 (La. 1940)). Defendants do not explain how Rivera-Colon's possession of a "fraudulent" identification card supports probable cause for "Production, Manufacturing, or Distribution of a Fraudulent Document for Identification Purposes" or "Identity theft greater than $1,000,"[9] and the Court finds that probable cause for those offenses does not exist under the facts as pleaded by Plaintiffs. Therefore, Defendants' motion will be denied as to this claim.

## IV.  LEAVE TO AMEND

When granting a motion to dismiss, a district court should freely grant leave to amend the complaint unless amendment would be futile. *See, e.g.*, *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). The Court finds it appropriate to allow Plaintiffs an opportunity to amend their complaint and address the deficiencies identified herein, except for the claims barred by sovereign immunity (i.e., the claims against the OMV and Watkins in her official capacity).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim* **(Rec. Doc. 9)** is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Plaintiffs' claims against the OMV and Defendant Watkins in her official capacity, and these claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject

---

[9] (Rec. Doc. 1, at 4-5).

matter jurisdiction. The motion is **DENIED** as to Plaintiffs' malicious prosecution claim against Watkins.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint, addressing the deficiencies identified herein, within twenty-one (21) days of this Order & Reasons, or Plaintiffs' false arrest claim against Watkins in her individual capacity will be dismissed with prejudice. Plaintiffs shall not re-plead any claims that have already been dismissed.

New Orleans, Louisiana, this 2nd day of February, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE