UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVAN JOSUE RIVERA-COLON; HUSBAND OF, AND FEDMARIE CALDERON SANTOS | CIVIL ACTION |
| VERSUS | No. 20-1101 |
| PARISH OF ST. BERNARD, ET AL. | SECTION: "J"(5) |

**ORDER & REASONS**

Before the Court are two *Motions for Summary Judgment* **(Rec. Docs. 41, 42)**. The first was filed by Defendant, Shanta Watkins. (Rec. Doc. 41). The second was filed by Defendants, James Pohlmann in his official capacity as Sheriff of St. Bernard Parish and Corey Bordelon. (Rec. Doc. 42). Plaintiffs have opposed both motions. (Rec. Docs. 44, 45). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be GRANTED.

**FACTS AND PROCEDURAL BACKGROUND**

On April 12, 2019, Plaintiff Rivera-Colon went to the OMV office in St. Bernard Parish to obtain a Louisiana driver's license. At the OMV, Rivera-Colon presented his social security card, New York state driver's license, Puerto Rican identification card, and Puerto Rican birth certificate to Defendant Watkins, an OMV employee. Watkins attempted to verify the authenticity of Rivera-Colon's Puerto Rican identification card but erroneously entered the card number as a driver's license. As a result, her system check determined the documents to a "No Match" to Plaintiff. (Rec. Doc. 14, at 4). Watkins then contacted Mr. James McCullough, her supervisor

in Baton Rouge, and directed him to perform the same check. Mr. McCullough confirmed that the documents were fraudulent and instructed Watkins to contact law enforcement. Despite Rivera-Colon's other documents being verified as legitimate, Watkins called the St. Bernard Parish Sheriff's Office, and Defendant, Deputy Corey Bordelon went to the OMV. Deputy Bordelon placed Rivera-Colon under arrest for "Unlawful production, manufacturing, or distribution of fraudulent documents for identification purposes" in violation of La. R.S. 14:70.7(C)(2) and "Identity Theft greater than $1,000.00" in violation of La. R.S. 14:67.16(C)(1)(a). *Id.* at 5. However, on December 12, 2019, the St. Bernard Parish district attorney dismissed the charges against Rivera-Colon *nolle prosequi* for insufficient evidence.

Rivera-Colon and his alleged wife, Plaintiff Calderon Santos, filed suit against the OMV, Watkins, John Doe, Deputy Bordelon, St. Bernard Parish Sheriff James Pohlmann, and the St. Bernard Parish Government on April 2, 2020. This Court subsequently dismissed OMV from the suit, dismissed Watkins in her official capacity, and dismissed all federal claims against Watkins. (Rec. Docs. 11, 16). Defendant Watkins has moved for summary judgment as to the remaining state law malicious prosecution claim against her. (Rec. Doc. 41). Defendants, James Pohlmann and Corey Bordelon have also moved for summary judgment for the remaining claims against them. (Rec. Doc. 42).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Plaintiff alleges that he was falsely arrested and has sued for relief under 42 U.S.C. § 1983 for a violation of his Fourth, Fifth, and Fourteenth Amendment rights against Deputy Corey Bordelon in his official and individual capacity and against Sheriff James Pohlmann and by extension the municipality of St. Bernard Parish. (Rec. Doc. 14). Plaintiff also has one remaining state law claim against OMV employee Shanta Watkins for malicious prosecution. *Id.* Plaintiff also has brought a state law malicious prosecution claim against Deputy Bordelon. *Id.*

### I. State Law Malicious Prosecution Claim against Shanta Watkins

Under Louisiana law, a claim for malicious prosecution requires:

(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Lemoine v. Wolfe,* 168 So.3d 362, 367 (La. 2015) (citing *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984). When the charges against a plaintiff are dismissed prior to trial, including when the dismissal occurs *nolle prosequi* through the discretion of the District Attorney, a lack of probable cause and malice are presumed. *Watson v. Church's Fried Chicken, Inc.*, 527 So.2d 979, 981 (La. App. 4th Cir., 1988). Malicious prosecution claims are never favored in Louisiana law. *James v. Woods, 899 F.3d 404, 409 (5th Cir. 2018)* (citing *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 690 n.20 (La. 2006). There is a "conditional privilege extended to the communication of alleged wrongful acts to the officials authorized to

protect the public. . . ." *Kennedy*, 935 So.2d, at 683. Public policy strongly supports encouraging individuals to report suspected crimes, and "it would be self-defeating for society to impose civil liability on a citizen for inaccurately reporting criminal conduct with no intent to mislead." *Id.* (citation omitted).

Watkins argues that Plaintiff's claim fails as to the second element of the tort of malicious prosecution because the chain of legal causation between her contacting law enforcement and Mr. Rivera-Colon's arrest was broken by the independent investigation of Corey Bordelon. When an individual reports a suspected crime to law enforcement, an independent investigation by law enforcement breaks the chain of legal causation for a subsequent arrest. *See James,* 899 F.3d, at 409. Merely reporting a crime is not enough to satisfy that the defendant caused a subsequent prosecution. *Id.*

On a video taken by Plaintiff Fedmarie Calderon Santos, Officer Bordelon states that he ran Mr. Rivera-Colon's Puerto Rican driver's license and that he ran the same searches as Ms. Watkins and that both came back with a different name to Mr. Rivera-Colon. (Rec. Doc. 41, Exhibits D, E by manual attachment). Additionally in response to a Request for Admission, Deputy Bordelon admitted that he "conducted an independent criminal history check on plaintiff." (Rec. Doc. 41-6). Furthermore, in Defendant Bordelon's Motion for Summary Judgment, he again asserts that he "conducted his own criminal history check by running what he reasonably believed was a Puerto Rican driver's license which also did not come back to Plaintiff's name." (Rec. Doc. 42, at 14).

5

Plaintiff does not submit any evidence to contradict Ms. Watkin's assertions that Deputy Bordelon conducted an independent investigation by running a search on Mr. Rivera-Colon's I.D. and running a background check. Therefore, because there is no genuine issue of material fact as to element two, the legal cause of Mr. Rivera-Colon's arrest, Plaintiff's malicious prosecution claim against Ms. Watkins fails. Therefore, Ms. Watkin's *Motion for Summary Judgment* **(Rec. Doc. 41)** is **GRANTED**.

**II. Claims against Deputy Corey Bordelon**

Plaintiff has sued Deputy Bordelon in both his official and individual capacity. As a preliminary matter, Plaintiff's claims against Bordelon in his official capacity must be dismissed. Bordelon does not possess "final policymaking authority for the entity under state or local law." *Adams v. City of Shreveport*, 269 F. Supp. 3d 743, 753 (W.D. La. 2017) (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468-70 (5th Cir. 1999)). Instead, "the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff." *Burge*, 187 F.3d, at 470. Therefore, Plaintiff's claims against Deputy Bordelon in his official capacity are **DISMISSED**.

    a. <u>False Arrest</u>

Plaintiff has also sued Deputy Bordelon in his individual capacity for false arrest. Deputy Bordelon contends that he is entitled to qualified immunity and had probable cause, as a matter of law, to arrest Plaintiff. (Rec. Doc. 42, at 8, 11). The Court addressed the requirements of qualified immunity in light of a false arrest

6

claim in the April 21, 2021 order granting in part Defendant Shanta Watkin's Motion to Dismiss. (Rec. Doc. 16). To overcome qualified immunity, a plaintiff must establish that (1) the defendant's conduct violated the plaintiff's constitutional rights, and (2) the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *See Alexander v. Eeds*, 392 F.3d 138, 144 (5th Cir. 2004). "The second prong of the qualified immunity test is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). Showing that the right was clearly established requires a plaintiff to point out "a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he is doing violates the law." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020).

"The constitutional claim of false arrest requires a showing of no probable cause." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). Thus, to overcome qualified immunity for a claim of false arrest, "plaintiffs must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests." *Id.* at 207. Probable cause exists where the facts and circumstances known to the officer at the time of arrest would warrant "a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense." *Id.* at 204. "Because probable cause

is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018).

      Deputy Bordelon cites *Velazquez v. City of Westwego*, 531 F.Supp.3d 1142 (E.D. La. 2021) as an analogous case. In *Velazquez*, the plaintiff, an American citizen from Puerto Rico, was arrested when her passport came up as "no match" in the OMV system while trying to obtain a Louisiana driver's license. *Id.* at 1148. Just as in this case, the plaintiff in *Velazquez* was arrested, but her charges were later dropped. *Id.* Judge Africk held that there was probable cause for the plaintiff's arrest, finding that even though the officer conducted no independent investigation, he was justified in relying on the conclusion of the OMV employees that the passport was fraudulent, stating that "officers may have probable cause to make an arrest when they reasonably rely solely on first-hand information from third parties who have specialized knowledge regarding the alleged criminal conduct." *Id.* at 1158 (citing *United States v. Hernandez,* 825, F.2d 846, 849-50 (5th Cir. 1987)).

      In this case, Deputy Bordelon had an even stronger basis for probable cause than the officer in *Velazquez*. Deputy Bordelon relied not only on the conclusions of the OMV employees and their specialized knowledge regarding identification documents, but he also further conducted his own independent investigation by running Plaintiff's I.D. as part of a background check. (Rec. Doc. 42, at 11). Both Ms. Watkins and Deputy Bordelon mistakenly ran Plaintiff's Puerto Rican I.D. as a driver's license, causing it to appear fraudulent. However, "the Constitution does

not guarantee that only the guilty will be arrested, nor does it require officials to perform an error-free investigation." *Neno v. Evans*, 974 F.3d 571, 576 (5th Cir. 2020) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979)). Defendant Bordelon reasonably relied on the assertions of Ms. Watkins and on the results of running the I.D. himself. Therefore, because Mr. Rivera-Colon's arrest occurred with probable cause, Deputy Bordelon is entitled to qualified immunity.

    b. Malicious Prosecution

As discussed above, an essential element of a malicious prosecution claim is the absence of probable cause. *See supra* Part I. *See also Lemoine,* 168 So.3d, at 367. Because Deputy Bordelon acted with probable cause, Plaintiff's claim against him for malicious prosecution fails as well. Therefore, Defendants' *Motion for Summary Judgment* **(Rec. Doc. 44)** is **GRANTED** as to the claims against Deputy Corey Bordelon.

### III. Claims Against Sheriff James Pohlmann

Plaintiff has also sued James Pohlmann in his official capacity as Sheriff of St. Bernard Parish. A claim against an officer in his official capacity is treated as a claim against the municipality. *Brooks v. George Cty.*, 84 F.3d 157, 165 (5th Cir. 1996). Although municipalities may be found liable in § 1983 suits, their liability cannot be predicated on *respondeat superior* for the isolated actions of an employee. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). *See also Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "The unconstitutional conduct must be directly attributable to the municipality through some sort of official action

9

or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Therefore, "[m]unicipal liability under § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

Plaintiff's claims against Sheriff Pohlmann and by extension the municipality of St. Bernard Parish fail because he can neither point to any official policy or custom relevant to his claims and because this Court has already concluded that his constitutional rights were not violated. Deputy Bordelon had probable cause to arrest Mr. Rivera-Colon as discussed above. Therefore, Defendants' *Motion for Summary Judgment* **(Rec. Doc. 42)** is **GRANTED** as to Plaintiff's claims against Sheriff Pohlmann in his official capacity.

To the extent that Plaintiff's First Amended Complaint (Rec. Doc. 14) makes any claim against Sheriff Pohlmann in his individual capacity, these claims are also **DISMISSED**. Plaintiff provides no evidence whatsoever that Sheriff Pohlmann was involved in any way in the facts of this case or that he was informed after the fact and ratified Deputy Bordelon's actions. Furthermore, even if he did ratify these actions, he would have been correct in doing so, as Officer Bordelon acted with probable cause. Therefore, any claim against Sheriff Pohlmann individually is without merit.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *Motions for Summary Judgment* **(Rec. Docs. 41, 42)** are hereby **GRANTED.**

New Orleans, Louisiana, this 19th day of December, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE